# RICHARD JONES v. MASSOLT BOTTLING COMPANY.[1]

## July 10, 1914.

### Nos. 18,673—(200).

**Injury to bottler inspecting bottles — question for jury.**

In an action to recover damages for an injury sustained by a bottler while inspecting a bottle of carbonated water by holding it in front of his eyes and between them and a window it is *held:*

(1) That under the evidence as to the breaking of bottles of carbonated water by internal pressure it was a question for the jury whether the defendant was negligent in adopting such method of inspection, or in not providing masks or goggles as a means of protection.

[1] Reported in 148 N. W. 278.

---

Note.—As to the liability of a master for injury to minor servant by explosion of charged bottle, see note in 35 L.R.A.(N.S.) 239.

(2) That whether the plaintiff assumed the risk of such method of inspection, without safeguards furnished him, was for the jury.

Action in the district court for Hennepin county to recover $10,-000 for personal injury received while in the employ of defendant. The case was tried before Jelley, J., who at the close of plaintiff's case directed a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*John M. Rees,* for appellant.

*Simon Meyers* and *Morton Barrows,* for respondent.

DIBELL, C.

This action was brought to recover damages for personal injuries sustained by the plaintiff while in the employ of the defendant. The court directed a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

1. The plaintiff was engaged in bottling carbonated water in the defendant's plant. The water was bottled by the use of machinery. In the process of bottling the pressure was 60 pounds to the square inch. As the bottle was capped the pressure was reduced by a mechanical operation to 35 pounds, which represented the pressure when the process was complete.

When a bottle was filled the plaintiff was required to hold the bottle between his eyes and the window for the purpose of detecting sediment or impurities which might be in it. On the occasion of his injury, when he was inspecting a bottle, it broke and injured his eyes. The bottles frequently broke under pressure in bottling or afterwards by coming in contact with other bottles or hard substances. There is slight evidence that bottles of carbonated water broke without outside force. In all of the operations of the defendant no such occurrence as that here involved had happened.

At the argument we were inclined to the opinion that the direction of the verdict was right, for the reason that the defendant had no reasonable cause to anticipate that a bottle of carbonated water would break or explode, when used as the plaintiff was using it,

or at all unless from outside pressure, and that the case was governed by the principle stated in Christianson v. Chicago, St. P. M. & O. Ry. Co. 67 Minn. 94, 69 N. W. 640, and other cases. Upon a more thorough consideration of the record it seems that there was testimony referring to all kinds of bottled goods carrying pressure, indicating the likelihood of their breaking. A part of this testimony, and that referring most directly to the matter, is as follows:

"Q. I understand you to testify, Mr. Anderson, that it was a matter of common knowledge among men employed in the bottling establishment similar to that described here that bottles containing any of these substances, mineral water, pop and so forth, are liable to explode at any time, whether they are being handled and moved or not?

"A. Yes, but not cherry, anything with pressure on it.

"Q. Yes, anything with pressure on it is liable to explode, even if it isn't being touched or handled—that is correct, is it?

"A. Yes, sir."

Prior to this Anderson had testified, though there is some uncertainty as to whether he was referring to bottles like carbonated water bottles, as follows:

"Q. And at what places would those bottles break?

"A. Why, at different places; they would break in the machine, sometimes in your hand, and sometimes after they would get in the case." And again he testified:

"Q. Suppose you take a bottle, and take it out after it is crowned, after it is filled, do you mean it will break without after touching it against any foreign body?

"A. Yes; sometimes after you put it in the case they are liable to break." And again:

"Q. It is a matter of common knowledge around the shop there that these bottles are liable to break even if you don't knock them against something?

"A. Yes, sir.

"Q. Everybody who has worked around the establishment there for some time knows that, that is in this line of work?

"A. Yes."

If this testimony is true we have this situation: The bottles of carbonated water, when they come from the machines, are liable to break or explode from inside pressure. The employer directs the bottler to inspect the bottles for the detection of impurities by holding them in front of his eyes and toward a window. Masks or goggles are not provided as a protection.

Under such circumstances it cannot be said as a matter of law that the jury could not find negligence.

While Anderson's testimony is unsupported by other evidence, and is disputed by some, we cannot say that it should be disregarded. The defendant offered no evidence and rested its case upon that adduced by the plaintiff.

2. The plaintiff had some experience as a bottler. Granting that the facts are such that the defendant might be found negligent in the respect mentioned, it does not follow, as a matter of law, that the plaintiff assumed the risk. That question was for the jury along with the question of the defendant's negligence.

Order reversed.